IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PATRICK E. THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Number CIV-03-51-C |
| ) | |
| OFFICE OF JUVENILE AFFAIRS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Now before the Court is a Motion to Quash filed by Defendant Office of Juvenile Affairs (OJA). Pro se Plaintiff Patrick E. Thomas (Thomas) failed to file a response within the allotted eighteen days. The Court, upon full consideration of the motion and the applicable law, now **GRANTS** OJA's Motion to Quash; however, additional time is herein granted to effect proper service.

### BACKGROUND

Thomas originally filed his complaint in federal court on January 9, 2003. OJA specially appeared and filed a motion to dismiss for ineffective service of process. Subsequently, the Court granted OJA's motion to dismiss on March 18, 2003 and Thomas timely appealed. On March 18, 2005, the Tenth Circuit reversed the Court's dismissal of Thomas's action but left undisturbed the Court's finding that OJA did not receive proper service of process. In late March 2005, Thomas again attempted to effectuate service of process by mailing a summons and a one-page document entitled "Complaint" to OJA. OJA

again specially appears but now moves the Court to quash Thomas's attempt at service for failure to comply with FED. R. CIV. P. 4.

## DISCUSSION

In its motion, OJA proffers two independent arguments for quashing Thomas's second attempt at service of process: that the document served with the summons is not a copy of the complaint originally filed with the court clerk, and that Thomas did not serve the person designated by law as the service agent for OJA. Both of OJA's arguments are persuasive.

Thomas is proceeding in this action pro se; nevertheless, he is still required to follow the rules of procedure governing any other litigant in federal court. DiCesare v. Stuart, 12 F.3d 973, 980 (10th Cir. 1993). Consequently, Thomas must effectuate service in the manner prescribed by FED. R. CIV. P. 4(c)(1), (j)(2), and (m)—this he fails to do.

### I.      Rule 4(c)(1)—The Components of Proper Service of Process.

To properly effectuate service of process, Rule 4(c)(1) mandates that Thomas serve the summons together with a copy of his complaint. Rules 3 and 4, when read together, require that the complaint served with the summons be a copy of the complaint originally filed to commence the action. Here, the document attached to the summons and entitled "Complaint" is not a copy of Thomas's original complaint filed on January 9, 2003—Thomas's hand-written document is dated March 31, 2005, which is the same day the court clerk both received Thomas's Praecipe for Summons and, in turn, issued the summons to Thomas. (Def.'s Mot. To Quash, Dkt. No. 7, Ex. 1, at 2; Praecipe for Summons, Dkt. No. 18; Return of Service, Dkt. No. 19, at 1.) Moreover, the purported complaint is neither captioned nor signed and thus

would have been stricken if submitted for filing. Rules 10, 11. Accordingly, the Court finds that Thomas failed to serve the summons with a copy of the complaint; therefore, Thomas's second attempted service of process upon OJA is ineffective, as it did not comply with Rule 4(c)(1), and should be quashed.

**II.     Rule 4(j)(2)—The Means of Accomplishing Proper Service of Process.**

The federal rules authorize service of process on OJA "by delivering a copy of the summons and of the complaint to [OJA's] chief executive officer or . . . in the manner prescribed by the law of [Oklahoma] . . . ." Rule 4(j)(2). Oklahoma law authorizes service of process on OJA "by delivering a copy of the summons and of the [complaint] to the . . . chief executive officer or a clerk, secretary, or other official whose duty it is to maintain the official records of [OJA] . . . ." 12 OKLA. STAT. § 2004(C)(1)(c)(5). If service on any of the aforementioned individuals is attempted by mail, it "shall be accomplished by mailing a copy of the summons and [complaint] by certified mail, return receipt requested and delivery restricted to the addressee." Id. § 2004(C)(2)(b).

Here, Thomas clearly failed to serve any specific individual designated by Oklahoma law to be OJA's service agent—Thomas generically addressed the certified mail to OJA itself without further detail. (Def.'s Br., Ex. 1, at 1; Return of Service, at 2.) Thomas also failed to send the certified mail with restricted delivery. (Return of Service, at 2.) Consequently, the Court finds that Thomas's second attempt at service of process contravenes Oklahoma law; therefore, it also contravenes Rule 4(j)(2) and should be quashed.

**III.   Rule 4(m)—The Time Limit for Effecting Service of Process.**

Under the federal rules, Thomas's action may be subject to dismissal for failure to effectuate service of process upon OJA within the prescribed time limit:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, . . . on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Rule 4(m).  Here, Thomas had until May 10, 2005, to properly serve OJA.  (Order, Dkt. No. 17.)  Both of Thomas's attempts were ineffective, however, and the 120-day time limit has now expired.  Because it is apparent from the record why Thomas has yet to effect service, i.e., he has tried but failed to do it correctly, the Court finds good cause for the failure and extends the time.  FED. R. CIV. P. 4(m).  See In re Kirkland, 86 F.3d 172, 176 (10th Cir. 1996).

## CONCLUSION

Thomas's second attempt at service of process upon OJA is not in compliance with the mandates of FED. R. CIV. P. 4 for reasons delineated more fully herein.  Therefore, OJA's Motion to Quash (Dkt. No. 7) is **GRANTED**.  However, Thomas may make valid service on or before June 10, 2005, failing which this action will be dismissed.

IT IS SO ORDERED this 17th day of May, 2005.

_____
ROBIN J. CAUTHRON
United States District Judge