## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PATRICK E. THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Number CIV-03-51-C |
| | ) | |
| OFFICE OF JUVENILE AFFAIRS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Now before the Court is a Motion to Dismiss filed by Defendant Office of Juvenile

Affairs (OJA).  Plaintiff Patrick E. Thomas (Thomas) timely filed a response; therefore, the

motion is ripe for adjudication.  The Court, after considering the applicable law and the

submissions of the litigants, now **GRANTS IN PART** and **DENIES IN PART** OJA's

Motion to Dismiss.

### BACKGROUND

Thomas, proceeding pro se, instituted this action by filing a complaint on January 9,

2003, wherein he alleges that OJA discriminated against him by failing to promote him to

the JSIII Detail position.  Thomas further alleges that OJA retaliated against him for

subsequently filing a grievance concerning the JSIII selection process.  In his complaint,

Thomas does not aver the law upon which he brings his claims.  OJA moves the Court to

dismiss portions of Thomas's complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject

matter jurisdiction and under Rule 12(b)(6) for failure to state a claim upon which relief can

be granted.

### STANDARD OF REVIEW

Under Rule 12(b)(1), the Court will dismiss claims over which it lacks subject matter jurisdiction. See Rule 12(h)(3). A Rule 12(b)(1) motion may take one of two forms: a facial attack questioning the sufficiency of the complaint, or a factual attack questioning the existence of subject matter jurisdiction itself. Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995). For a facial attack, the Court must presume the complaint's allegations are true. Id. Moreover, even if Thomas completely failed to allege subject matter jurisdiction, OJA's Rule 12(b)(1) motion to dismiss will be denied "if facts [are] pleaded in the complaint from which jurisdiction may be inferred in essence and effect. A complaint is to be construed broadly and liberally as to do substantial justice." Mountain Fuel Supply Co. v. Johnson, 586 F.2d 1375, 1382 (10th Cir. 1978) (citations omitted). If a factual attack is made, the presumption of truthfulness falls away; moreover, the Court has wide discretion to consider documents outside the complaint when resolving the jurisdictional question without converting the motion to dismiss to a Rule 56 summary judgment motion. Holt, 46 F.3d at 1002-03.

Under Rule 12(b)(6), the Court will dismiss any claim made by Thomas where it appears beyond doubt that the claim is legally insufficient; that is, Thomas can prove no set of facts sustaining the claim and entitling him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In adjudicating a Rule 12(b)(6) motion, the Court assumes all well-pleaded facts, as opposed to conclusory allegations, in Thomas's complaint are true, views those facts in the light most favorable to him, and resolves all reasonable inferences in his favor.

Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996).  In addition to well-pleaded facts,

the Court "may review 'mere argument contained in a memorandum in opposition to dismiss'

without converting the Rule 12(b)(6) motion into a motion for summary judgment."  County

of Santa Fe v. Pub. Serv. Co., 311 F.3d 1031, 1035 (10th Cir. 2002) (quoting Miller v. Glanz,

948 F.2d 1562, 1565 (10th Cir. 1991)).  "[T]he Federal Rules of Civil Procedure erect a

powerful presumption against rejecting [Thomas's complaint] for failure to state a claim."

Auster Oil & Gas, Inc. v. Stream, 764 F.2d 381, 386 (5th Cir. 1985).  Therefore, dismissal

of his complaint under Rule 12(b)(6) is "a harsh remedy which must be cautiously studied,

not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests

of justice."  Morgan v. City of Rawlins, 792 F.2d 975, 978 (10th Cir. 1986).  The Court

construes Thomas's complaint so as to do substantial justice.  Fed. R. Civ. P. 8(f).

## DISCUSSION

**I.      OJA's Motion to Dismiss Pursuant to Rule 12(b)(1).**

OJA first argues that to the extent Thomas intends to allege claims under 42 U.S.C.

§ 1983, OJA is entitled to Eleventh Amendment sovereign immunity as OJA is not a

"person" subject to suit under § 1983.  OJA's argument is firmly grounded in law.  See Port

Auth. Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 304 (1990); Will v. Michigan Dep't of

State Police, 491 U.S. 58, 68-71 (1989); McKinney v. State of Oklahoma, Dep't of Human

Servs., 925 F.2d 363, 365 (10th Cir. 1991).  Accordingly, to the extent Thomas brings his

claims under § 1983, dismissal with prejudice is appropriate.[*]

## II.      OJA's Motion to Dismiss Pursuant to Rule 12(b)(6).

### A.       Thomas's Failure to Promote Claim under Title VII.

Thomas alleges in his complaint that OJA failed to promote him to the JSIII position

because OJA employee Jerry Smith (Smith) had a relationship with the sister of Rhonda

Gosey (Gosey) and used his position to influence the promotion decision process in order for

Gosey to receive the JSIII position.  OJA argues that Smith's favoritism premised upon his

relationship with Gosey's sister does not constitute discrimination in violation of Title VII.

OJA's argument is persuasive.

To establish a Title VII failure to promote claim due to discrimination Thomas must

demonstrate (1) that he is a member of a protected class; (2) that he meets the qualifications

for the JSIII position and applied for the position; (3) that OJA did not select him despite his

qualifications; and (4) that OJA either filled the position or that it remained available

following his non-selection.  Amro v. Boeing Co., 232 F.3d 790, 796 (10th Cir. 2000);

accord Jones v. Barnhart, 349 F.3d 1260, 1266 (10th Cir. 2003).  "The principal goal of Title

VII is to eliminate discrimination in employment based on differences of race, color, religion,

sex or national origin."  Taken v. Oklahoma Corp. Comm'n, 125 F.3d 1366, 1369 (10th Cir.

1997).  The Court's focus must be centered upon whether OJA intentionally discriminated

---

[*] Thomas's § 1983 claims against OJA are barred as a matter of law and cannot be cured by amendment.

against Thomas based on a protected class characteristic.  Jones v. Denver Post Corp., 203

F.3d 748, 752 (10th Cir. 2000).  Thomas's allegation that Smith gave preferential treatment

to Gosey, due to his relationship with her sister, fails to state a claim under Title VII as his

actions were not based upon a prohibited classification.  Taken, 125 F.3d at 1370.  Thomas's

complaint, as currently written, fails to state a claim for failure to promote under Title VII;

therefore, dismissal is appropriate.

Although Thomas's failure to promote claim premised upon Smith's preferential

treatment and relationship with Gosey's sister fails as a matter of law, it does not sound the

death knell for Thomas's failure to promote claim.  In his response, Thomas alleges that he

was part of the "senior staff" on unit, that both senior staff members are African-American,

and that Gosey is Caucasian.  Additionally, Thomas includes allegations of conspiracy and

a hostile work environment in his response.  Under Tenth Circuit precedent, new allegations

contained in a response may be considered a request to amend the complaint under

Fed. R. Civ. P. 15.  Martinez v. Potter, 347 F.3d 1208, 1211 (10th Cir. 2003); Evans v.

McDonald's Corp., 936 F.2d 1087, 1090-91 (10th Cir. 1991).  Accordingly, to add claims

for failure to promote due to race, conspiracy, and hostile work environment, Thomas must

file an amended complaint.  As OJA has yet to file a responsive pleading, neither Court nor

OJA approval is required for Thomas to do so.  Fed. R. Civ. P. 15.

B.      Thomas's Retaliation Claim under Title VII.

Last, Thomas alleges that he suffered retaliation due to his filing a grievance with the

Central Oklahoma Juvenile Center regarding Smith's preferential treatment during the JSIII

selection process and for not being promoted.  OJA argues that the actions of which Thomas

complains are not protected opposition to discrimination and that Thomas did not have an

objectively reasonable belief that his complaints involved protected opposition to

discrimination.  OJA's arguments are unavailing.

To establish a Title VII retaliation claim, Thomas must show (1) that he engaged in

protected opposition to prohibited discrimination; (2) that the OJA took an adverse

employment action against him; and (3) that a causal connection exists between the two.

Dick v. Phone Directories Co. Inc., 397 F.3d 1256, 1267 (10th Cir. 2005).  OJA's arguments

fail as they would require the Court to go beyond the standard for adjudicating a Rule

12(b)(6) motion and weigh the facts contained in Thomas's complaint.  Miller v. Glanz, 948

F.2d 1562, 1565 (10th Cir. 1991).  Whether the actions of which Thomas complains are or

are not protected opposition to discrimination, or whether Thomas did or did not have an

objectively reasonable belief that his complaints involved protected opposition to

discrimination, should be addressed through a summary judgment motion under Rule 56.

See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).  "At the pleading stage, general

factual allegations of injury resulting from the defendant's conduct may suffice, for on a

motion to dismiss we 'presum[e] that general allegations embrace those specific facts that

are necessary to support the claim.'"  Lujan v. Defenders of Wildlife, 504 U.S. 555, 561

(1992) (quoting <u>Lujan v. Nat'l Wildlife Fed'n</u>, 497 U.S. 871, 889 (1990). The Court, upon construing Thomas's complaint liberally, finds that he sufficiently pleads a cognizable claim of retaliation in contravention of Title VII—he filed a grievance against what he believed to be discrimination, he suffered an adverse employment action by not being promoted, and temporal proximity exists between the filing of his grievances and OJA's adverse employment action. Therefore, dismissal is inappropriate.

### CONCLUSION

OJA's Motion to Dismiss (Dkt. No. 27) is **GRANTED IN PART** and **DENIED IN PART** as delineated more fully herein. Thomas may file an amended complaint in accordance with Rule 15, but must do so on or before September 20, 2005.

IT IS SO ORDERED this 6th day of September, 2005.


ROBIN J. CAUTHRON
United States District Judge