IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PATRICK E. THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Number CIV-03-51-C |
| ) | |
| OFFICE OF JUVENILE AFFAIRS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Now before the Court is a Motion to Dismiss Amended Complaint filed by Defendant Office of Juvenile Affairs (OJA). Pro se Plaintiff Patrick E. Thomas (Thomas) failed to file a response within the allotted eighteen days. Nonetheless, the Court, after considering the applicable law, now **GRANTS IN PART** and **DENIES IN PART** OJA's Motion to Dismiss Amended Complaint.

### BACKGROUND

Thomas instituted this action by filing a complaint on January 9, 2003, alleging that OJA discriminated against him in contravention of both federal and state law. In response to the Court's September 6, 2005, Order, Thomas timely filed an Amended Complaint wherein he appears to allege multiple claims: failure to promote due to race and hostile work environment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. (Title VII), 42 U.S.C. §§ 1981, 1983, 74 Okla. Stat. § 841-2.9, and Oklahoma Merit Rules 530:10-3-2, -30; denial of equal pay under the Equal Pay Act of 1963, 29 U.S.C. § 206, et seq. (EPA); and conspiracy under 18 U.S.C. § 241 and 42 U.S.C. § 1985. OJA moves the Court to dismiss

Thomas's complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state claims upon which relief can be granted.

### STANDARD OF REVIEW

Under Rule 12(b)(1), the Court will dismiss claims over which it lacks subject matter jurisdiction. See Rule 12(h)(3). A Rule 12(b)(1) motion may take one of two forms: a facial attack questioning the sufficiency of the complaint, or a factual attack questioning the existence of subject matter jurisdiction itself. Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995). For a facial attack, the Court must presume the complaint's allegations are true. Id. Moreover, even if Thomas completely failed to allege subject matter jurisdiction, OJA's Rule 12(b)(1) motion to dismiss will be denied "if there are facts pleaded in the complaint from which jurisdiction may be inferred in essence and effect. A complaint is to be construed broadly and liberally as to do substantial justice." Mountain Fuel Supply Co. v. Johnson, 586 F.2d 1375, 1382 (10th Cir. 1978) (citations omitted). If a factual attack is made, the presumption of truthfulness falls away; moreover, the Court has wide discretion to consider documents outside the complaint when resolving the jurisdictional question without converting the motion to dismiss to a Rule 56 summary judgment motion. Holt, 46 F.3d at 1002-03.

Under Rule 12(b)(6), the Court will dismiss any claim made by Thomas where it appears beyond doubt that the claim is legally insufficient; that is, Thomas can prove no set of facts sustaining the claim and entitling him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In adjudicating a Rule 12(b)(6) motion, the Court assumes all well-pleaded facts, as opposed to conclusory allegations, in Thomas's complaint are true, views those facts in the light most

favorable to him, and resolves all reasonable inferences in his favor. Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996). In addition to well-pleaded facts, the Court "may review 'mere argument contained in a memorandum in opposition to dismiss' without converting the Rule 12(b)(6) motion into a motion for summary judgment." County of Santa Fe v. Pub. Serv. Co., 311 F.3d 1031, 1035 (10th Cir. 2002) (quoting Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir. 1991)). "[T]he Federal Rules of Civil Procedure erect a powerful presumption against rejecting pleadings for failure to state a claim." Auster Oil & Gas, Inc. v. Stream, 764 F.2d 381, 386 (5th Cir. 1985). Therefore, dismissal of his complaint under Rule 12(b)(6) is "a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." Morgan v. City of Rawlins, 792 F.2d 975, 978 (10th Cir. 1986). The Court construes Thomas's complaint so as to do substantial justice. Fed. R. Civ. P. 8(f).

## DISCUSSION

**I.     OJA's Motion to Dismiss Pursuant to Rule 12(b)(1).**

OJA argues that it is entitled to sovereign immunity for Thomas's claims under 42 U.S.C. §§ 1981, 1983, 1985, and the various state statutes and merit rules listed by Thomas. The Court previously dismissed Thomas's § 1983 claims with prejudice. (Order, Dkt. No. 29, at 3-4.) Thomas's reliance on §§ 1981, 1985, and the state statutes and merit rules is similarly misplaced as they do not effectuate a waiver of Oklahoma's sovereign immunity. 51 Okla. Stat. §§ 151-200; Ellis v. Univ. of Kansas Med. Ctr., 163 F.3d 1186, 1196 (10th Cir. 1998). Accordingly,

dismissal with prejudice is appropriate for Thomas's claims under 42 U.S.C. §§ 1981, 1983, 1985, 74 Okla. Stat. § 841-2.9, and Oklahoma Merit Rules 530:10-3-2, -30.

## II.    OJA's Motion to Dismiss Pursuant to Rule 12(b)(6).

### A.    Thomas's Conspiracy Claim.

OJA argues that Thomas's claim for conspiracy under 18 U.S.C. § 241 must fail as § 241 is a criminal statute. OJA's argument is firmly grounded in law as a private civil cause of action is unavailable under § 241. Newcomb v. Ingle, 827 F.2d 675, 677 n.1 (10th Cir. 1987). Therefore, dismissal with prejudice is appropriate for Thomas's conspiracy claim under 18 U.S.C. § 241.

### B.    Thomas's EPA and Title VII Failure to Promote Due to Race Claims.

OJA argues that Thomas's EPA claim is time-barred by the EPA's two-year statute of limitations since he alleged the claim for the first time in the Amended Complaint. OJA similarly argues that Thomas's Title VII failure to promote due to race claim is time-barred as he failed to file his federal claim within ninety days of receiving his right to sue letter. Both of OJA's arguments are unavailing for the same reason – Thomas's Amended Complaint does not list the dates or other information necessary for the Court to determine the proper claim-specific filing periods.[*] The Court may not consider information outside the four corners of the Amended Complaint without converting OJA's motion to dismiss to a Rule 56 motion for summary judgment. See Rule 12(b). To the extent OJA lacks information necessary to calculate

---

[*] In his complaint, Thomas alleges that his EPA claim arises out of the same "conduct, transaction, or occurrence" as his failure to promote claim; therefore, the Court considers the EPA claim to have been filed as of the date of Thomas's original compliant. Rule 15(c).

the proper filing periods, it may call for more facts under Rule 12(e) or address potential factual deficiencies through a summary judgment motion under Rule 56. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002). At this stage of the litigation, the Court finds that it does not appear beyond doubt that Thomas's EPA and Title VII failure to promote due to race claims are legally insufficient; that is, he can prove no set of facts sustaining the claims and entitling him to relief. Conley, 355 U.S. at 45-46. Therefore, dismissal of the claims would be inappropriate.

## CONCLUSION

OJA's Motion to Dismiss Amended Complaint [Dkt. No. 35] is **GRANTED IN PART** and **DENIED IN PART** as delineated more fully herein. Thomas's claims against OJA under 42 U.S.C. §§ 1981, 1983, 1985, 74 Okla. Stat. § 841-2.9, Oklahoma Merit Rules 530:10-3-2, -30, and 18 U.S.C. § 241 are **DISMISSED WITH PREJUDICE** as they are barred as a matter of law and cannot be cured by amendment.

IT IS SO ORDERED this 28th day of November, 2005.

ROBIN J. CAUTHRON
United States District Judge