IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PATRICK E. THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case Number CIV-03-51-C |
| | ) |
| OFFICE OF JUVENILE AFFAIRS, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Now before the Court is a Motion to Compel filed by Defendant Office of Juvenile Affairs (OJA). Pro se Plaintiff Patrick E. Thomas (Thomas) failed to file a response within the allotted eighteen days. OJA attached documentation of its unsuccessful attempts to notify Thomas and resolve this issue, thus the Court deems LCvR37.1 to be satisfied. The Court, after considering the applicable law, now **GRANTS** OJA's Motion to Compel.

### Discussion [*]

The litigants appeared before the Court at a scheduling conference on November 2, 2005, and received a Scheduling Order containing deadlines for the disclosure of discovery materials. To-date, Thomas has failed to provide his Fed. R. Civ. P. 26(a) disclosures, a final list of expert witnesses and expert reports, if any, and a final list of witnesses and exhibits. OJA now moves the Court to compel Thomas to comply with the Scheduling Order and provide the required disclosures.

---

[*] The Court previously recited the background of this case in its order dated November 28, 2005.

Thomas is proceeding pro se; nonetheless, he is governed by, and must comply with, the Federal Rules of Civil Procedure, or be subjected to sanctions authorized therein. Murray v. City of Tahlequah, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002). To prosecute an action, litigants must make certain initial disclosures, Rule 26(a), and timely file the required lists of witnesses and experts as contained in the scheduling order, Rule 16(f). Thomas has neither produced the required items nor proffered to the Court an explanation for his failure to do so. Therefore, OJA's Motion to Compel [Dkt. No. 42] is **GRANTED**. The Court **ORDERS** Thomas to make the Rule 26(a) disclosures to OJA and file with the Court his final list of expert witnesses and expert reports, if any, and his final list of witnesses and exhibits within twenty days from the date of this Order. The Court also **ORDERS** Thomas to file a report within twenty days from the date of this order explaining why Rule 37(a)(4) sanctions in the form of reasonable expenses should not be levied against him for his noncompliance.

Thomas is warned that his continued noncompliance with the Court's directives may result in the Court prohibiting him from introducing certain evidence at trial, or up to and including the dismissal of his action with prejudice. Rules 16(f), 37(b)-(c), 41(b); see also Stanley v. Continental Oil Co., 536 F.2d 914, 917 (10th Cir. 1976) ("[A] court has inherent power . . . to dismiss a cause for want of prosecution.").

IT IS SO ORDERED this 8th day of March, 2006.

ROBIN J. CAUTHRON
United States District Judge