IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PATRICK E. THOMAS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>OFFICE OF JUVENILE AFFAIRS, )<br>)<br>Defendant. ) | Case Number CIV-03-51-C |

## MEMORANDUM OPINION AND ORDER

Plaintiff Patrick E. Thomas (Thomas) instituted this action by filing a complaint on January 9, 2003, alleging that Defendant Office of Juvenile Affairs (OJA) discriminated against him in contravention of both federal and state law. The majority of Thomas's claims were dismissed with prejudice by the Court. (See Order, Dkt. No. 41.) The Court subsequently granted OJA's motion to compel and ordered Thomas to complete the following actions within twenty days from the date of the Order: make his Fed. R. Civ. P. 26(a) discovery disclosures, file with the Court the necessary documents as listed in the scheduling order, and file a report on why Fed. R. Civ. P. 37(a)(4) sanctions should not be levied against him. In addition, the Court warned Thomas that further disregard of either the Rules or the Court's orders may result in dismissal of his action. To-date, Thomas has neither filed the items ordered by the Court nor evidenced his compliance with Rule 26(a). Therefore, the Court **DISMISSES** Thomas's action without prejudice.

Fed. R. Civ. P. 41(b) states three non-conjunctive reasons why the Court may dismiss an action either with or without prejudice:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action . . . . Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision . . . operates as an adjudication on the merits.

Rule 41(b).  Though Rule 41(b) seems to require that a defendant move for dismissal, the Rule is interpreted to authorize a court to dismiss an action sua sponte.  Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962)).  Even so, Rule 41(b) dismissals must satisfy the factors set forth in Ehrenhaus v. Reynolds, 965 F.2d 916 (10th Cir. 1992).  Mobley v. McCormick, 40 F.3d 337, 341 (10th Cir. 1994).  The Ehrenhaus factors include, but are not limited to

> "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."

Id. at 340 (quoting Ehrenhaus, 965 F.2d at 921).  The Court should evaluate these factors on the record, recognizing that they are neither rigid nor equal in weight.  Ehrenhaus, 965 F.2d at 921-22.

Here, dismissal is warranted as each Ehrenhaus factor is met.  First, OJA has suffered actual prejudice as a result of Thomas's noncompliance.  OJA's ability to prepare a dispositive motion or to prepare for trial has been substantially hampered as virtually no discovery has taken place.  To the Court's knowledge, Thomas has yet to make Rule 26(a) disclosures.  In addition, he failed to participate in the preparation of the pretrial report and has missed every scheduling order deadline to-date – all without explanation or a request for

extension of time. His failure to cooperate during discovery has caused inconvenience and excessive delay as well as created unnecessary burdens on OJA, as its counsel has had to expend both time and limited resources attempting to obtain Thomas's compliance with mandatory discovery rules as opposed to organizing its defense of this action.

Second, Thomas has substantially interfered with the judicial process. He has flouted the Court's scheduling order, the Court's order granting OJA's motion to compel, and the Court's order directing him to file a report explaining why Rule 37(a)(4) sanctions should not be levied against him. Thomas's actions have "hindered the court's management of its docket and its efforts to avoid unnecessary burdens on the court and the opposing party." Jones v. Thompson, 996 F.2d 261, 265 (10th Cir. 1993). "'If [Thomas] could ignore court orders here without suffering the consequences, then [the district c]ourt cannot administer orderly justice, and the result would be chaos.'" Ehrenhaus, 965 F.2d at 921 (quoting from trial court's order dismissing the action).

Third, Thomas's culpability is readily apparent. Despite the Court's direction to do so, he has failed to provide any reason for his continued refusal to abide by the discovery rules or the Court's orders. In addition, the Court is unaware of any forward progress he has made in the prosecution of this action since his participation in the joint discovery plan in October 2005.

Fourth, Thomas received the requisite advanced warning. In its March 8, 2006, Order, the Court stated that Thomas's continued noncompliance could result in the dismissal of his action as a sanction. (Order, Dkt. No. 45.)

Fifth, any sanction less severe than dismissal without prejudice would not be effective. The Court is currently unable to sanction Thomas via prohibiting the introduction of certain evidence at trial, as the Court is unaware of any evidence Thomas may have. The remaining option is to dismiss one of Thomas's two remaining claims: an Equal Pay Act claim or a Title VII claim. Without repeating Thomas's transgressions again, the Court is unpersuaded that the dismissal of one claim would be effective given his repeated noncompliance.

Thomas's conduct supports each of Rule 41(b)'s three non-conjunctive reasons authorizing the dismissal of an action. "The federal courts are not a playground for the petulant or absent-minded; our rules and orders exist, in part, to ensure that the administration of justice occurs in a manner that most efficiently utilizes limited judicial resources." United States ex rel. Jimenez v. Health Net, Inc., 400 F.3d 853, 856 (10th Cir. 2005). The Ehrenhaus factors are readily met; therefore, under Rule 41(b), Thomas's action is **DISMISSED WITHOUT PREJUDICE**.

IT IS SO ORDERED this 10th day of April, 2006.

ROBIN J. CAUTHRON
United States District Judge